IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DARRIN DOUSTOU, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:17-cv-00918-MJW<br>) |
| PORTFOLIO RECOVERY ASSOCIATES,<br>LLC | )<br>)<br>) |
| Defendant. | ) |

**FIRST AMENDED COMPLAINT SEEKING DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff, Darrin Doustou, by counsel, files this Complaint seeking Damages for Violations of the Fair Debt Collection Practices Act in the above-captioned action, and hereby states as follows:

**Introduction**

1. This is an action for actual and statutory damages, legal fees, and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. *Id.*

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. *Id.*

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." *Donohue v. Quick Collection, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability.

*Taylor v. Perrin, Landry, deLaunay, & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997).

## Jurisdiction

5. This Court has concurrent jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d).

## Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Standing

10. Platintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

11. Specifically, Plaintiff suffered a concrete information injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff. Bellwood v. Dwivedi, 895 F.2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## **PARTIES**

12. Plaintiff, Darrin Doustou, (hereinafter referred to as "Plaintiff") is a natural person who resides in Cass County, Missouri.

13. Plaintiff is a "consumer" as that term is defined by § 1692a.

14. Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

15. Defendant, Portfolio Recovery Associates, LLC, (hereinafter referred to as "Defendant"), is a "person" as that term is defined in 15 U.S.C. § 1681a(b).

16. The Defendant, Portfolio Recovery Associates, LLC, ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. (Exhibit A, Record From Delaware Secretary of State).

17. Defendant regularly attempts to collect via credit reporting, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. Defendant is engaged in the business of a collection agency, using the mails and/or telephone to collect consumer debts originally owed to others.

19. Defendant is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then attempts to collect.

20. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Missouri. However, PRA does not maintain a registered agent or office in the state.

21. PRA is one of the nation's largest debt collectors, and is a business the principal purpose of which is the collection of debts.

## FACTUAL ALLEGATIONS

22. Plaintiff incurred a debt that was primarily for personal, family or household purposes ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

23. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

24. PRA purportedly purchased the alleged debt sometime thereafter.

25. Plaintiff disputes the debt.

26. Plaintiff requests that PRA cease all further communication on the debt.

27. Thereafter, PRA filed a lawsuit in the Circuit Court of Cass County, Missouri, Associate Circuit Division, naming Darrin Doustou as Defendant. A true and correct copy of the lawsuit is on file with the Court.

28. Attached to the complaint was an affidavit executed by Susan Hughes ("Hughes"), Custodian of Records of PRA. (Exhibit B, Affidavit attached to PRA's petition).

29. Upon information and belief, Hughes was at all times authorized to act on behalf of PRA to attempt to collect the alleged debt from Plaintiff.

30. Hughes attested that as of October 25, 2016, the balance of the alleged account was $4,887.36, and that there were no "un-credited payments . . . or offsets against the [alleged] debt as of" that date. See Exhibit B.

31. In August 2017, PRA communicated credit information regarding the alleged debt to the Experian consumer reporting agency, including a balance, an account number, and a date reported. (Exhibit C, Excerpt of Plaintiff's Experian credit report showing PRA's trade line).

32. PRA communicated a balance of $4,924 on the alleged debt to Experian.

33. The balance of $4,924, which PRA reported to Experian in August 2017 as being owed by Plaintiff on the alleged debt is different than the account balance of $4,887.36 attested to in the August, 2017 affidavit.

34. Plaintiff did not make any payments to PRA in the month of August 2017.

35. The lawsuit filed by PRA in the Circuit Court of Cass County, Missouri, Associate Circuit Division, seeks Judgment against Plaintiff in the amount of $4,887.36.

36. Plaintiff has never made any payments to Defendant on this account.

37. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of –
(A) the character, amount, or legal status of any debt. . . .**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

38. Either the credit information communicated by PRA to the Experian consumer reporting agency in August 2017 – that the balance owed on the alleged debt was $4924 – was false, or the stated balance in the August, 2017 affidavit – that the balance owed on the alleged debt was $4887.36 – was false; both amounts cannot be correct. In at least one – or possibly both – communications, Defendant has falsely misstated the amount of the alleged debt.

39. When a debt collector attempts to collect a debt, it must state the correct amount of the debt. 15 U.S.C. § 1692e(2)(A).

40. PRA materially misrepresented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(8) when it communicated to Experian, or to Plaintiff, a balance which it knew or should have known to be false.

41. Courts have found that when a debt collector demands varying amounts for the same debt that a violation of 15 U.S.C. § 1692e occurs. *See* Hepsen v. Resurgent Capital Services, L.P., 383 Fed.Appx. 877, 881 (11th Cir. 2010) (holding that debt collector's letter that demanded a greater amount initially and then a lower amount later despite no payments being made on the account constituted a misrepresentation of the amount owed).

42. Making false or misleading representations to a consumer is a direct violation of §1692e of the FDCPA.

43. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000).

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

45. PRA violated the FDCPA pursuant to 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(8) when it communicated to Experian, or to Plaintiff, a balance which it knew or should have known to be false.

46. PRA's false statements are material to the unsophisticated consumer.

47. As a result of PRA's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs, and reasonable attorney fees.

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant for:

a. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

b. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,

by:/s/Ryan M. Callahan
One of Plaintiff's Attorneys

Ryan Callahan, MO 62666
James R. Crump, MO 65514
Callahan Law Firm, LLC
221 E. Gregory Blvd., Suite A
Kansas City, MO 64114-1138
Ph: 816-822-4041
ryan@callahanlawkc.com
james@callahanlawkc.com